

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-8-2008

# Elliott v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1311

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Elliott v. Comm Social Security" (2008). *2008 Decisions.* Paper 389.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/389

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1311
_____

RICK A. ELLIOTT,

Appellant,


v.

COMMISSIONER OF SOCIAL SECURITY,

Appellee.


_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 07-cv-00395)
District Judge: Honorable David Stewart Cercone
_____

Submitted Under Third Circuit LAR 34.1(a)
October 2, 2008

Before: FISHER, CHAGARES and HARDIMAN, *Circuit Judges*.

(Filed: October 8, 2008)


_____

OPINION OF THE COURT
_____


HARDIMAN, *Circuit Judge*.

Rick Elliott appeals a judgment of the District Court affirming the decision of an Administrative Law Judge (ALJ) denying his claim for Social Security Disability Benefits. We will affirm.

As we write exclusively for the parties, who are well acquainted with the facts and procedural history of the case, we will turn directly to the sole issue on appeal. Elliott claims that the ALJ's decision is not supported by substantial evidence because it limited him to working less than eight hours per day. In support of this claim, Elliott cites page 21 of the record, where the ALJ wrote the following:

> Based on the foregoing, the undersigned finds the claimant retains the residual functional capacity to perform the exertional demands of light work, with certain modifications. Under light work restrictions, he cannot lift more than twenty pounds, and can customarily not sit more than two of eight hours a workday (20 CFR 404.1567 and Social Security Rulings 83-10, 96-8p).

From this statement, Elliott argues that "the ALJ's explicit findings that Appellant cannot sit more than two of eight hours and could occasionally walk and stand two (or four) hours out of an eight hour work [sic] are a de facto restriction to part-time light work." Although we agree that Elliott's conclusion necessarily follows from his premise, we find that his premise is flawed.

The ALJ did not explicitly find that Elliott cannot sit for more than two of eight hours. A complete review of the decision demonstrates that the ALJ found that Elliott possessed the residual functional capacity (RFC) to perform light work – with various restrictions – for an eight hour day. For example, in Finding 6, the ALJ wrote: "The

2

claimant has the residual functional capacity to perform the exertional demands of light work, with certain modifications.  The claimant is limited to occasional walking and standing, two hours out of an eight hour workday. . . .  The claimant must be afforded the option to sit and stand during the work day."   As Finding 6 makes plain, the ALJ held that Elliott had the RFC to work a full eight-hour day, subject to modifications.

Elliott's citation to page 21 of the record does not undermine our conclusion.  There, the ALJ was simply noting the general definition of light work, as demonstrated by his use of the word "customarily" and his citation to Social Security Ruling 83-10, which states:  "the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday."  The ALJ's observation that the full range of light work requires standing or walking for six hours per day is consistent with his conclusion that Elliott possessed the RFC to perform light work with modifications, *i.e.,* that he not be required to stand or walk for more than two hours per day, and that he have a sit/stand option for the remainder of the eight-hour workday.

For the foregoing reasons, we will affirm the judgment of the District Court.

3